UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

TERRY EUGENE SCHAFFNER,                       Civil No. 06-439 (DSD/JSM)

      Petitioner,

v.                                                                **REPORT AND**
                                                                  **RECOMMENDATION**
MARTY C. ANDERSON, Warden,

      Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

In July 2000, Petitioner pleaded guilty in the United States District Court for the Western District of Wisconsin to a federal criminal offense involving sexual exploitation of a minor. See 18 U.S.C. § 2251. He was sentenced to 140 months in federal prison, to be followed by a three-year term of supervised release. Petitioner is currently serving his sentence at the Federal Medical Center in Rochester, Minnesota.

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Following his conviction, Petitioner filed a direct appeal with the Seventh Circuit Court of Appeals.  However, the Court of Appeals rejected his claims, and affirmed his conviction and sentence.  United States v. Schaffner, 258 F.3d 675 (7th Cir. 2001), cert. denied, 534 U.S. 1148 (2002).

Thereafter, Petitioner challenged his conviction and sentence in a motion brought in the original trial court pursuant to 28 U.S.C. § 2255.  Petitioner's § 2255 motion was denied on the merits, and his subsequent request for a certificate of appealability also was denied.  United States v. Schaffner, No. 00-CR-6-C-01 (W.D.Wis. 2003), 2003 WL 23111969 (unpublished opinion); United States v. Schaffner, No. 00-CR-6-C-01 (W.D.Wis. 2003), 2003 WL 23167295 (unpublished opinion).

Petitioner has also attempted to challenge his conviction and/or sentence in two prior § 2241 habeas corpus petitions filed in this District.  Schaffner v. United States, Civil No. 03-6454 (DSD/JSM); Schaffner v. LeBlanc, Civil No. 04-3517 (PAM/JSM).  Both of those actions were summarily dismissed for lack of jurisdiction, because collateral challenges to a federal criminal conviction or sentence must be brought before the original trial court judge by a motion filed pursuant to 28 U.S.C. § 2255.

Undeterred by his past failures, Petitioner is once again attempting to challenge his 2000 federal criminal conviction and sentence in his current application for habeas corpus relief under 28 U.S.C. § 2241.  Petitioner now claims that the supervised release part of his sentence should be vacated, because the trial court had no legal authority to include a term of supervised release as part of the sentence.   The Court finds, however, that this action must be summarily dismissed, without reaching the merits of Petitioner's current claims, for the reasons discussed below.

## II.    DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S.Ct. 2984 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  (Emphasis added.)

Thus, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.   No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the sentence he received in his federal criminal case. He claims that the sentence imposed by the trial court judge is illegal and unconstitutional, and that the supervised release portion of his sentence should be vacated. Because Petitioner is directly challenging the validity of the sentence imposed by the trial court, his present habeas corpus petition is barred by § 2255's exclusive remedy rule, (unless the savings clause applies here).

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief in the past. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Seventh Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it seems quite clear that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute, based on a belief that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his conviction. He apparently believes that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his conviction and sentence in a habeas proceeding, because he is not presently eligible for relief under § 2255. The Court rejects that proposition.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Thus, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See

also <u>Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); <u>Abdullah</u>, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); <u>United States ex rel Perez v. Warden, FMC Rochester</u>, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), <u>cert</u>. <u>denied</u>, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." <u>In re: Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998).  Section 2255 is not "inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." <u>Abdullah</u>, 392 F.3d at 963.  Based on this rule, the Court finds that the savings clause is inapplicable here, despite Petitioner's current ineligibility for relief under § 2255, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, and in his prior § 2255 motion.  He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.  <u>See Hill</u>, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

III.    **CONCLUSION**

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his criminal conviction and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.  Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action should be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

IV.    **RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.


Dated:        February 3, 2006


                              *s/ Janie S. Mayeron*
                              JANIE S. MAYERON
                              United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by February 22, 2006, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.